FILED
SUPERIOR COURT
OF GUAM

2018 MAY -3 PM 3: 15

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT
OF GUAM**

|  |  |
|---|---|
| IN THE MATTER OF THE ESTATE | Probate Case No. PR0131-13 |
| OF | |
| ALFONSO FRANCISCO ESCAMILLA, | **DECISION & ORDER** |
| Deceased. | |

## INTRODUCTION

This matter came before the Honorable Michael J. Bordallo on Administratrix Cynthia Ecube's Petition for Preliminary Distribution. Attorney Cynthia Ecube is the Administratrix for the Estate of Alfonso Francisco Escamilla. Attorney Jacqueline Terlaje represents heirs Lawrence P. Escamilla, Andrew Escamilla, Alfonso J. Escamilla, Giana Escamilla, Gemma Babauta, Patrick Escamilla, Julia McDonald, Lorena Cabrilo, Joanna McDonald, and Brianna McDonald ("Majority Heirs"). Attorney Georgette Concepcion represents heirs Lenora McGeough, Rosalina Wirkkunen, CarmenAnne McGeough, Brendan McGeough, Jacqueline Yu, and Benedict Reyes ("Remaining Heirs"). Having reviewed the moving papers, arguments, record, and applicable law, the Court issues the following Decision and Order granting the Petition for Preliminary Distribution.

## BACKGROUND

This matter arises out of Administratrix Cynthia Ecube's Petition for Preliminary Distribution filed December 1, 2017. In this Petition, the Administratrix requests that the Court grant a preliminary distribution of a portion of the monetary proceeds held in the Estate's bank account to the seventeen heirs in accordance with the decedent's will. The Administratrix proposes a cash distribution of twenty thousand dollars ($20,000.00) to each heir, a total of three hundred forty thousand dollars ($340,000.00). Additionally, the Administratrix argues that certain heirs – Lawrence Escamilla, Patrick Escamilla, Andrew Escamilla, and Julia McDonald – have received advancements from rental payments collected from the Escamilla Apartments and other rental properties. The Administratrix further argues that these heirs should not receive the full twenty thousand dollar preliminary distribution, but should be credited for the sums they have already received.

On January 26, 2018, the Majority Heirs filed a Non-Objection to Preliminary Distribution and Objection to Administratrix's Determination of Advancement. The Majority Heirs assert that the decedent did not intend for his *inter vivos* conveyances to be advancements on distributions. The Majority heirs argue that there is no written evidence to support the position that the heirs received advancements. On February 2, 2018, the Remaining Heirs filed a Reply to Majority Heirs' Objection to Administratrix's Determination of Advancements. The Remaining heirs argue that the money Lawrence, Patrick, Andrew, and Julia received should be categorized as advancements because they received the money after the death of the decedent.

## ISSUE

Whether the sums collected by Lawrence Escamilla, Andrew Escamilla, Patrick Escamilla, and Julia McDonald are advancements on the amounts they are entitled to from the distribution of the Estate of Alfonso Francisco Escamilla.

## FACTS

1.  On July 29, 2010, while he was alive, Alfonso Francisco Escamilla executed a ten-year Lease Agreement with Andrew Escamilla. Under the agreement, Andrew was to pay Alfonso two hundred dollars a month. The agreement also allowed Andrew to sublet the premises after obtaining the written consent of Alfonso.

2.  On May 31, 2010, while he was alive, Alfonso Francisco Escamilla executed a ten-year Lease Agreement with Patrick Escamilla. Under the agreement, Patrick was to pay Alfonso one hundred dollars a month. The agreement also prohibited Patrick from subletting the premises without obtaining the written consent of Alfonso.

3.  In December 2012, while he was alive, Alfonso Francisco Escamilla conveyed a portion of Lot No. 2145-105NEW, Block 13, Tamuning (formerly of Dededo), Guam (former Pachinko building property) to Julia McDonald and her children.

4.  Alfonso Francisco Escamilla passed away on July 7, 2013. The decedent left a will that was submitted to the Court on September 26, 2013 and a codicil to that will which was submitted to the Court on October 4, 2013.

5.  The codicil contained a residuary clause through which the decedent devised the residue of his estate to the following beneficiaries in equal shares: Lenora E. McGeough, Rosalina Escamilla Wirkkunen, Julia Escamilla McDonald, Lawrence P. Escamilla, CarmenAnne Escamilla McGeough, Brendan J. McGeough, Benedict J. Escamilla Reyes, Jacqueline Escamilla Reyes Yu, Rena B. Escamilla McDonald, Joanna R.

Escamilla McDonald, Brianna A. Escamilla McDonald, Alfonso J. Marston Escamilla, Patrick Lawrence Marston Escamilla, Andrew Steven Marston Escamilla, Gemma Rose Marston Escamilla, Gianna Marie Marston Escamilla, and "The Christian Endo Supplemental Special Needs Trust."

6. The Court has received no evidence that Alfonso Francisco Escamilla intended that his conveyance to Julia McDonald or lease agreements with Patrick and Andrew Escamilla were to be considered advancements for any distribution they would receive in the future.

7. None of the heirs have acknowledged in writing that the conveyances made by Alfonso Francisco Escamilla were advancements.

## PRINCIPLES OF LAW

### Gift of Testator as Advancement

Under Guam law, the Superior Court has the authority to determine questions regarding advancements made or alleged to have been made by the decedent to heirs. 15 G.C.A. § 2909. Further,

> A gift before death shall be considered as an ademption of a bequest or devise of the property given; but such gifts shall not be taken as an advancement to an heir or as an ademption of a general legacy unless such intention is expressed by the testator in the grant or otherwise in writing, or unless the done acknowledges it in writing to be such.

15 G.C.A. § 2901. Thus, absent a writing demonstrating the testator's intent to make advancement, gifts made during his life to an heir do not affect the distribution of the estate to that heir. Other jurisdictions have considered the issue similarly. See e.g., In re Marriage of Williamson, 172 Cal.Rptr.3d 699, 708 (Ct. App. 2014) ("By its very definition, an advancement is a gift which is expressly stated by the donor to be a part of the estate which the done would otherwise receive. Thus, an advancement, by its nature, constitutes a gift in lieu of

a devise or inheritance."); In re Estate of Soule, 540 N.W.2d 118, 123 (Neb. 1995) ("[A]n inter vivos transfer is to be treated as an advancement against the heir's share of estate only if declared in a contemporaneous writing by the decedent or acknowledged in writing by the heir to be an advancement."). Further, when a party asserts that transfers made by the decedent before his death were advancements, that party has the burden of proving that fact. Pruner v. Lovejoy, 314 S.W.2d 651, 652 (Ct. Civ. App. Tex. 1958).

## ANALYSIS

The Administratrix has petitioned the Court to grant a preliminary distribution of twenty thousand dollars ($20,000.00) to the seventeen heirs of the Estate of Alfonso Francisco Escamilla. Part of this request, however, is that preliminary distribution to four heirs be offset by money they have received since the testator's death. The Administratrix and the Remaining Heirs argue that these heirs have received advancements on their bequests from the Estate.

With respect to Andrew and Patrick Escamilla, the Court has been presented with no evidence to support a claim that the lease agreements made with the decedent were intended to be an advancement. Under the agreement, the landlord (now the Estate) is to receive one hundred dollars monthly from Andrew and two hundred dollars monthly from Patrick. In the written lease agreement, there is no language expressing the decedent's intention that the lease agreement be considered an advancement. Additionally, neither Andrew nor Patrick have acknowledged in writing that the lease agreements are advancements. Further, while assignment or subletting the leased premises is conditioned on the written approval of the landlord (and now Estate), this issue is not before the Court. Accordingly, because there is no evidence that the lease agreements are advancements, the Court concludes that Andrew Escamilla and Patrick Escamilla did not receive advancements.

With respect to Julia McDonald, the decedent made an inter vivos conveyance of a portion of property to her. There is no evidence before the Court that the decedent intended the conveyance to be an advancement on a bequest to Julia McDonald. Additionally, Julia McDonald has not acknowledged in writing that the conveyance was an advancement. Accordingly, the Court concludes that Julia McDonald has not received an advancement.

Finally, Lawrence Escamilla has received $70,885.84 after the death of the decedent between 2013 and 2016 for "Management Fees" and "Management Gratuity." Because these payments were made after the death of the decedent and with Estate funds, the Court's approval of these payments was necessary. However, the Court did not approve these payments. As such, the Court determines that the unauthorized payments made to Lawrence Escamilla serve as a preliminary distribution to him. Thus, any distribution made to Lawrence Escamilla will be offset by the amount he has already received as a preliminary distribution.

\\

\\

\\

\\

**CONCLUSION AND ORDER**

For the reasons set forth above, the Court GRANTS the Administratrix's Petition for Preliminary Distribution. The Court authorizes the Administratrix to make a cash distribution of twenty thousand dollars ($20,000.00) to the sixteen heirs for a total distribution of three hundred twenty thousand dollars ($320,000.00). Because Lawrence Escamilla has already received a preliminary distribution greater than twenty thousand dollars, the Court determines that he is not entitled to the present preliminary distribution.

SO ORDERED, this _____ day of _____ 2018.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

CYNTHIA V. ECUBE

JACQUELINE T. TERLAJE

Date: 5-3-18 Time: 3:33 PM

Deputy Clerk, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

GEORGETTE CONCEPCION

Date: 5-3-18 Time: 3:33 PM

Deputy Clerk, Superior Court of Guam